IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JEFF MCCOLLIN,<br><br>               Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, STATE OF UTAH DIVISION OF WATER RIGHTS et al.,<br><br>               Defendants. | **REPORT AND RECOMMENDATION**<br><br><br>Case No. 2:12-cv-1022-TS-BCW<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Brooke C. Wells |

This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(b) for a Report and Recommendation on all dispositive matters.[1] Before the Court are four motions: Defendant State of Utah Division of Water Rights' Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss for Failure to State a Claim (DWR motions);[2] Next, Defendants' Denise Fabrizio, Jeff Fabrizio and JDF Properties, Motion to Dismiss for Failure to State a Claim (Fabrizio motion)[3]; And finally, Defendant United States Army Corps of Engineers' Motion to Dismiss (USACE motion). After careful consideration of the record, relevant law, and the parties' memoranda, the Court has determined that oral argument is unnecessary and decides this case based upon the record before it.[4] As outlined below, the Court recommends that the motions be GRANTED and this case dismissed.

---

[1] Docket nos. 11 and 15.
[2] Docket no. 8.
[3] The Fabrizio Defendants join in the Motion to Dismiss filed by DWR and also make additional arguments regarding *res judicata*. See Fabrizio Motion to Dismiss Amended Complaint p. 2, docket no. 9.
[4] DUCivR 7-1(f).

BACKGROUND

This case arises from a dispute involving an alteration to the stream banks of the Duchesne River. The USACE and DWR issued one or more stream alteration permits to the Fabrizios.[5] This was done without informing Plaintiff Jeff McCollin, who is a neighbor to the Fabrizio Defendants. At one point both the USACE and the DWR issued non-compliance letters to Defendant Jeff Fabrizio.[6] Plaintiff asserts that the alterations to the banks of the Duchesne River has "changed the course and flow rate of the river and damaged the banks of the river on Plaintiff's property."[7] In his Complaint Mr. McCollin further outlines some of the controversies surrounding whether or not Defendant Jeff Fabrizio met the deadlines for completion of the stream project. Allegedly there was some dispute between Defendant Fabrizio and the USACE and DWR.[8]

Plaintiff, who is acting pro se, asserts an "unconstitutional taking" action against the Government Defendants (USACE and DWR). The alterations to the stream were allegedly done by the Defendant Fabrizios and their successor in interest, Defendant J.D.F. Properties. Plaintiff asserts that the Government Defendants authorized a taking of his property because they 1) "refused to enforce the terms of the permit" beyond simply issuing letters of non-compliance[9]; and 2) continue to issue new stream alteration permits to the Fabrizio and J.D.F. Properties for work previously performed "by Mr. Fabrizio under the first stream alteration permit."[10] In essence, Plaintiff argues that the "Defendants knew or should have known about their duties to

---

[5] Complaint ¶¶ 1-3.
[6] *Id.* at ¶8.
[7] *Id.* at ¶9.
[8] *Id.* at ¶¶10-14
[9] *Id.* at ¶¶ 3-4, 8.
[10] *Id.* at ¶8

2

adjacent landowners and/or their responsibility to insure that work performed pursuant to a stream alteration permit did not damage adjacent property owners or change the flow rate and course of the river . . . ."[11] Plaintiff claims damages "currently in excess of $1,000,000.00."[12] Mr. McCollin asks this Court for a declaratory judgment that the issuance of the stream permits without notice was an unconstitutional taking of real property, for a permanent injunction enjoining DWR and USACE from continuing to issue stream alteration permits without notice, for compensatory damages, and for all costs and attorney's fees incurred in bringing this matter.

## STANDARD OF REVIEW

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction usually take two forms.[13] The first form is a "facial attack on the complaint's allegations as to subject matter jurisdiction question[ing] the sufficiency of the complaint," where a court must accept the allegations of the complaint as true.[14] In the second approach, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[15] When reviewing this type of a challenge, the court need not presume the truthfulness of the complaint's factual allegations and the court has discretion to allow affidavits, other documents, hold evidentiary hearings and resolve disputed jurisdictional facts.[16] In such instances, a court's reference to evidence outside the pleadings does not convert a motion to dismiss into a Rule 56 motion.[17] It then becomes necessary for the party opposing the motion to present evidence necessary to satisfy its burden of establishing that the court, in fact, possesses

---

[11] *Id.* at ¶15.
[12] *Id.* at ¶34.
[13] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).
[14] *Id. See also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).
[15] *Id.*
[16] *See id.* at 1003.
[17] *Id. See also SK Fin. SA v. La Plata County*, 126 F.3d 1272 (10th Cir. 1997).

subject matter jurisdiction.[18]

Here, each of the Defendants moves to dismiss pursuant to Rule 12(b)(1) attacking the basis for subject matter jurisdiction. Thus, the undersigned need not presume the truthfulness of the factual allegations in the complaint and may also consider evidence to resolve disputed jurisdictional facts without converting this to a motion for summary judgment.[19]

Under Rule 12(b)(6) whether a complaint sufficiently states a claim is a question of law.[20] Pursuant to the Rule 12(b)(6) standards courts accept all well pleaded facts as true and draw inferences from those facts in the plaintiffs' favor.[21] Legal conclusions, assertions and opinions couched as facts, however, are not presumed to be true. Rather, the complaint must contain "enough facts to state a claim to relief that is plausible on its face," and claims that fail to raise a right to relief above the speculative level must be dismissed.[22] A plaintiff must "'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss."[23]

For *res judicata* to apply three elements must be satisfied: (1) the first suit must have proceeded to a final judgment on the merits: (2) the parties must be identical or in privity; and (3) the suits must be based on the same cause of action.[24] As to the third prong, the Tenth Circuit has adopted the transaction test to determine whether claims could have been brought

---

[18] *See New Mexicans for Bill Richardson v. Gonzales,* 64 F.3d 1495, 1499 (10th Cir. 1995) *(quoting St. Clair v. City of Chico, 880 F.2d 199, 201* (9th Cir. 1989*), cert. denied,* 493 U.S. 1059 (1990)).
[19] *See SK Fin. SA*, 126 F.3d at 1275.
[20] *Bauchman v. West High Sch.*, 132 F.3d 542 (10th Cir. 1997), *cert denied*, 524 U.S. 953 (1988).
[21] *Id.* at 550.
[22] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[23] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).
[24] *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1236 (10th Cir. 1992).

previously.[25] This approach focuses on "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or useage.'"[26]

Finally, the Court notes that Mr. McCollin is proceeding pro se, so the Court construes his pleadings liberally and holds his submissions to a less stringent standard than that for formal pleadings drafted by lawyers.[27] "[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[28] But, it is not the court's responsibility to assume the role of advocate for Mr. McCollin.[29] The broad reading of Mr. McCollin's Complaint does not relieve him of the burden of "alleging sufficient facts on which a recognized legal claim could be based.[30] Often a pro se litigant is given an opportunity to remedy the defects in their pleadings,[31] but such an opportunity is unnecessary "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."[32] Further, in this case, Mr. McCollin has already filed an Amended Complaint and thus had an opportunity to amend his Complaint.

## DISCUSSION

With the foregoing principles in mind the Court turns to the parties' motions.

---

[25] *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329 (10th Cir. 1988).
[26] *Clark*, 953 F.2d at 1237.
[27] *Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)*
[28] *Id.*
[29] *See id.*
[30] *Id.*
[31] *See e.g., Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990); *Jaxon v. Circle K Corp.*, 773 F.2d 1138, 1140 (10th Cir. 1985).
[32] *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991).

I. DWR Motion to Dismiss for Lack of Jurisdiction and Motion to Dismiss for Failure to State a Claim

DWR first asserts that Plaintiffs' Fifth Amendment claim is not ripe for review because "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the [Fifth Amendment] until [they] have used the procedure and been denied just compensation."[33] In his Amended Complaint Mr. McCollin makes a vague reference to a pending state court action involving Defendant Jeff Fabrizio and allegations concerning a stream alteration permit specifically stating that "[t]he resolution of this matter is still pending with the Court of Appeals."[34] In seeking to distinguish the instant case, Plaintiff argues that the First Permit is currently before the Utah Court of Appeals and this case concerns the Second Permit. Defendants allegedly did not follow proper procedures in issuing the Second Permit.[35] The Court is not persuaded by Plaintiffs position. Whether or not this case concerns the First Permit or the Second Permit, the Court finds that Plaintiff's claims still fail.

Utah provides an adequate procedure for obtaining compensation both in its constitution and in statute.[36] Further, "[u]nder Utah law, a property owner may bring an inverse condemnation action whenever private property is taken or damaged for public use without a formal exercise of the State's eminent domain power."[37] The Supreme Court has stated that "The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just

---

[33] *Williamson County Regional Planning Com'n. v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985).
[34] Complaint ¶8.
[35] Op. p. 1-2, docket no. 12. The Court notes that Plaintiff filed a nearly identical oppostion to the Fabrizio motion. *See* docket no. 13.
[36] *See* Utah Const. Art I, §22; Utah Code Ann. §63G-7-302.
[37] *Bateman v. City of West Bountiful*, 89 F.3d 704, 708 (10th Cir. 1996).

compensation."[38] Plaintiff has failed to offer any evidence to this Court that he has completed the state procedures for seeking compensation for his claims. Therefore, the Court finds Plaintiff's Fifth Amendment claim is not ripe for review.

Next, DWR argues that the stream channel permit process is limited to two parties: the applicant and the State Engineer.[39] There is nothing in the statutes indicating that third parties may object to the application or otherwise intervene in the proceeding. Rather, intervention in informal administrative actions, such as the stream permit process, is explicitly prohibited under Utah Code Ann. § 63G-4-203(1)(g). Thus, because Mr. McCollin was not a party or applicant to the stream permit process, and subsequent extensions, he is not entitled to notice of the State Engineer's determination other than through normal procedures that apply to other members of the public.

The Court agrees with DWR's argument and finds this is an additional reason for granting DWR's motion to dismiss.

Third, the DWR asserts that Plaintiff's equal protection and due process claims are not ripe for review because they are subsumed within the Fifth Amendment takings claim. "The Tenth Circuit repeatedly has held that the ripeness requirement of *Williamson* applies to due process and equal protection claims that rest upon the same facts as a concomitant takings claim."[40]

As set forth previously Plaintiff's Fifth Amendment takings claim is not ripe for review. Thus, pursuant to Tenth Circuit precedent, the Court finds the requirement of *Williamson* applies

---

[38] *Williamson*, 473 U.S. at 195.
[39] Utah Code Ann. § 73-3-29.
[40] *Bateman*, 89 F.3d at 709.

7

to the equal protection and due process claims and therefore they are precluded from review because they are subsumed within the takings claim.

Finally, the Court need not address the DWR's arguments concerning the adequateness of Plaintiff's Fifth Amendment takings claim because it has already concluded that it is not ripe for review notwithstanding the sufficiency with how it is pled.

II. Fabrizio Motion to Dismiss and Res Judicata Arguments

The Fabrizios join in DWR's motion to dismiss and also offer the additional reason of *res judicata* as a basis for dismissing this case. Plaintiff initially filed a complaint in the Utah Eight District Court for declaratory and injunctive relief.[41] As noted *supra*, that matter is currently pending before the Utah Court of Appeals. Thus it appears that the elements for *res judicata* are satisfied. Plaintiff, however, argues this case concerns the Second Permit and not the First Permit and therefore it should not be barred.

The Court is not persuaded by Plaintiff's argument because there appears to be enough similarity between the First and Second Permits, as well as the claims raised in each case, that *res judicata* would apply. The Court, however, need not engage in a factor by factor analysis of the cases, because Plaintiff has not refuted the arguments made by DWR in its motion. The Fabrizio Defendants join in DWR's motion and the Court recommends that it be granted. Thus for the same reasons the Court recommends that the Fabrizio motion to dismiss also be granted.

---

[41] Utah case no. 100800176.

8

III. USACE Motion to Dismiss

The USACE asserts the Amended Complaint is outside this Court's jurisdiction and fails to state a claim because "1) Plaintiff has not alleged, and cannot show, a waiver of sovereign immunity necessary for subject matter jurisdiction in Federal District Court, 2) Plaintiff has not set forth a cognizable "takings" claim; rather Plaintiff alleges that actions of his neighbors damaged his property, 3) if Plaintiff had stated a cognizable "takings" claim, this court would nonetheless lack jurisdiction because compensation must first be sought in Federal Claims Court, and 4) based upon this same reasoning, neither declaratory or injunctive relief is available."[42]

In opposition Plaintiff fails to refute the arguments set forth by the USACE. Specifically, Plaintiff fails to demonstrate any waiver of sovereign immunity in this case. And as set forth previously, Plaintiff has failed to plead a cognizable takings claim under the Fifth Amendment. Thus, the USACE motion to dismiss should be granted.

RECOMMENDATION

Based upon the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Defendant State of Utah Division of Water Rights' Motion to Dismiss for Lack of Jurisdiction be GRANTED and the Motion to Dismiss for Failure to State a Claim be deemed MOOT;[43]

2. Defendants' Denise Fabrizio, Jeff Fabrizio and JDF Properties, Motion to Dismiss for

---

[42] Mtn p. 2.
[43] Docket no. 8.

Failure to State a Claim be GRANTED;[44] and

3. Defendant United States Army Corps of Engineers' Motion to Dismiss be GRANTED.[45]

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy. Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

DATED this 2 October 2013.

Brooke C. Wells
United States Magistrate Judge

---

[44] Docket no. 9.
[45] Docket no. 10.