IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEFF MCCOLLIN,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS, STATE OF UTAH DIVISION OF WATER RIGHTS, and J.D.F. PROPERTIES, LLC, a Utah Limited Liability Company, DENISE FABRIZIO, JEFF FABRIZIO, and JOHN DOES 1-10,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTIONS TO DISMISS<br><br><br>Case No. 2:12-CV-1022 TS<br><br>District Judge Ted Stewart |

   This matter is before the Court for consideration of the Report and Recommendation[1] issued by Magistrate Judge Wells on October 2, 2013, recommending Defendants' Motions to Dismiss[2] be granted and Plaintiff's Complaint be dismissed. Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b)(2), Plaintiff filed a timely objection to the Report and Recommendation on October 16, 2013.[3] The Court conducted a de novo review of the Report and Recommendation and will adopt the Magistrate Judge's Report and Recommendation to dismiss the claims against Utah Division of Water Rights ("DWR") on ripeness and Eleventh Amendment immunity grounds and dismiss the claims against the United States Army Corps of Engineers ("Corps") because of sovereign immunity. Additionally, the Court will dismiss the claims against Denise Fabrizio, Jeff Fabrizio, and J.D.F. Properties, LLC's (the "individual

---

[1] Docket No. 20.

[2] Docket Nos. 8–10.

[3] *Id.*

1

Defendants") for failure to state a claim, on different grounds than recommended by the Magistrate Judge.

## I. BACKGROUND

This case arises from a dispute involving alterations made to the Duchesne River. The DWR and the Corps (collectively the "government Defendants") issued one or more stream alteration permits to Jeff and Denise Fabrizio. Plaintiff Jeff McCollin, a neighbor to the Fabrizios, was not given notice of the alteration permits. Plaintiff seeks a declaratory judgment that the issuance of the stream permits without notice was an unconstitutional taking of real property. Plaintiff also claims a taking because the resulting stream alteration has "damaged the banks of the river on Plaintiff's property."[4] He further seeks a permanent injunction to enjoin the government Defendants from issuing additional stream alteration permits involving the Duchesne River. Finally, Plaintiff appears to seek damages in excess of $1 million and a return of the Duchesne River to its pre-alteration state.[5]

After Defendants filed their Motions to Dismiss, the Court referred this matter to a Magistrate Judge under 28 U.S.C. 636(b)(1)(B). Defendant DWR argues in its Motion to Dismiss that Plaintiff's claims against it are not ripe for judicial review. Additionally, DWR argues that it is entitled to immunity under the Eleventh Amendment. The individual Defendants join in DWR's Motion to Dismiss and also argue that Plaintiff's action is barred by res judicata. Defendant Corps argues that Plaintiff's claims should be dismissed because Plaintiff fails to assert a valid waiver of sovereign immunity or to state a takings claim, and even if Plaintiff had

---

[4]Docket No. 2, at 9.

[5]*Id.* at 8.

stated a cognizable takings claim, this Court would nonetheless lack jurisdiction because compensation must first be sought in the Court of Federal Claims.

The Magistrate Judge recommended that all three Motions to Dismiss be granted and this case be dismissed. That recommendation is based on the Magistrate Judge's findings that (1) Plaintiff's takings claims against the government Defendants are not ripe;[6] (2) Plaintiff's equal protection and due process claims are subsumed within the takings clause claims and are also precluded from review;[7] and (3) Plaintiff's claims against the individual Defendants are either barred by res judicata or barred because the individual Defendants joined in DWR's Motion to Dismiss.[8]

Plaintiff requests the Magistrate Judge's Report and Recommendation be set aside in its entirety and asks the Court to make a de novo determination as to all issues. Plaintiff also raises the following objections to the Report and Recommendation: (1) his claims are ripe for review; (2) Utah Code Ann. § 63G-4-203(1)(g), specifically its provision that forbids a third party from intervening in an informal administrative action, is an unconstitutional taking; (3) res judicata does not apply because the current lawsuit relates to the second stream alteration permit, while the state lawsuit relates only to the first; and (4) it would be an abuse of discretion not to allow him to amend his pleadings to cure any deficiencies.

---

[6]Docket No. 20, at 7.

[7]*Id.* at 7–8.

[8]*Id.* at 9.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), a party has fourteen days from their receipt of the Report and Recommendation to file an objection. Plaintiff has filed an objection; therefore the Court will review the Report and Recommendation de novo.[9] In doing so, the district court is free to follow the recommendation, ignore it, or conduct the review anew.[10]

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be either a facial attack on subject matter jurisdiction, or can be a factual attack.[11] Where, as here, the attack is factual, "a district court may not presume the truthfulness of the complaint's factual allegations."[12] When subject matter jurisdiction faces a factual attack, the court can refer to evidence outside the pleadings without converting the motion to dismiss into a summary judgment motion.[13] The party opposing the motion must then present evidence necessary to satisfy its burden of establishing that the court possesses subject matter jurisdiction.[14]

Under a Rule 12(b)(6) motion, the court accepts all well pleaded facts as true and draws inferences from those facts in the plaintiff's favor.[15] Legal conclusions, assertions, and opinions couched as facts are not presumed to be true.[16] The complaint must contain "enough facts to

---

[9] 28 U.S.C. § 636(b)(1) (2012).

[10] *Ocelot Oil Corps. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

[11] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[12] *Id.* at 1003.

[13] *Id.*

[14] *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) (citation and internal quotation marks omitted).

[15] *Bauchman v. W. High Sch.*, 132 F.3d 542, 550 (10th Cir. 1997).

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

state a claim to relief that is plausible on its face."[17] In order to survive a motion to dismiss, the plaintiff must "nudge [his] claims across the line from conceivable to plausible."[18]

III. DISCUSSION

A. DWR'S MOTION TO DISMISS

The Report and Recommendation finds that Plaintiff's Fifth Amendment claim and the claims that arise out of it are not ripe for review. The Magistrate Judge concludes the claims are not ripe for review because the State provides an adequate procedure for seeking just compensation and, under *Williamson County Regional Planning Commission v. Hamilton Bank*,[19] a Fifth Amendment claim cannot be sustained until Plaintiff utilizes that procedure and is denied just compensation. Plaintiff argues that the government Defendants have chosen to ignore procedure by not taking action to enforce the terms of their own stream alteration permits. Additionally, Plaintiff seems to believe he has exhausted his administrative remedies because he was ordered not to contact the Corps again.[20] Finally, Plaintiff argues that Utah Code Ann. § 63G-4-203(1)(g), specifically its provision that forbids a third party from intervening in an informal administrative action, is an unconstitutional taking.

Utah law provides aggrieved owners means through which to obtain just compensation. The Utah State Constitution provides, "[p]rivate property shall not be taken or damaged for public use without just compensation."[21] Similarly, "[t]he Fifth Amendment does not prohibit

---

[17]*Id.* at 570.

[18]*Id.*

[19]473 U.S. 172 (1985).

[20]Docket No. 2, at 5.

[21]Utah Const. art. I, § 22.

5

the government from taking its citizens' property; it merely prohibits the government from taking property without paying just compensation."[22]

Aggrieved property owners must show more than a deprivation of property, they must also show that the state refused to compensate them for their loss.[23] A case in federal court is not ripe until the aggrieved property owner pursues a state inverse condemnation proceeding.[24] "Under Utah law, a property owner may bring an inverse condemnation action whenever private property is taken or damaged for public use without a formal exercise of the State's eminent domain power."[25]

Plaintiff filed two lawsuits in state court arising from the same facts alleged in this suit.[26] In the first suit, Plaintiff failed to name the DWR as a defendant and failed to challenge the constitutionality of the stream application process. Plaintiff then filed a second lawsuit, alleging the same facts, wherein he named the DWR as a defendant and argued the constitutionality of the stream alteration permit application process because it does not require notice to adjacent property owners. The Eighth Judicial District Court in and for Duchesne County ("Eighth District Court") issued a Decision and Order on September 29, 2011, dismissing Plaintiff's second case and giving him the opportunity to amend his complaint in the first case to include

---

[22]*Miller v. Campbell Cnty.*, 945 F.2d 348, 353 (10th Cir. 1991).

[23]*See Williamson Cnty.*, 473 U.S. at 195.

[24]*Nat'l Adver. Co. v. City & Cnty. of Denver*, 912 F.2d 405, 413–14 (10th Cir. 1990).

[25]*Bateman v. City of W. Bountiful*, 89 F.3d 704, 708 (10th Cir. 1996).

[26]*McCollin v. J.D.F. Props. et al.*, No. 100800176 (Utah Dist. Ct. Duchesne Cnty. Aug. 8, 2012); *McCollin v. Div. Water Rights of the Dep't of Natural Res. et al.*, No. 100800271 (Utah Dist. Ct. Duchesne Cnty. Sept. 29, 2011).

the constitutionality of the stream alteration permit application process.[27] Plaintiff never took the opportunity to amend his complaint in the first case. Therefore, on August 10, 2012, the Eighth District Court dismissed the first case as well.[28] The August 10, 2012, order involved claims for unjust enrichment, injunctive relief, and damages, but Plaintiff did not bring a claim in state court for a taking without just compensation.

Plaintiff was required to pursue a state inverse condemnation lawsuit on his takings claims and needed to have been denied compensation before his takings claims are ripe. Plaintiff has failed to do so. Therefore, Plaintiff's unconstitutional taking claims against the DWR are not ripe and will be dismissed. Additionally, Plaintiff's equal protection and due process claims will be dismissed as not ripe because the Tenth Circuit has held that "the ripeness requirement of *Williamson* applies to due process and equal protection claims that rest upon the same facts as the concomitant takings claim"[29]

Even if Plaintiff's claims against the DWR were ripe, DWR's Motion would still be granted because of the Eleventh Amendment, which operates as an immunity to suit.[30] Finally, because Plaintiff's takings claim is not ripe, the Court will not review Plaintiff's claims concerning the constitutionality of Utah Code Ann. § 63G-4-203(1)(g).

B.   INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

The Report and Recommendation next notes that the individual Defendants joined in DWR's motion to dismiss and offered the additional reason of res judicata as a basis for

---

[27] Docket No. 24-1, at 50.

[28] Docket No. 9 Ex. B.

[29] *Bateman*, 89 F.3d at 709.

[30] *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

dismissal. Plaintiff argues that res judicata does not apply because his state court lawsuits concerned the first stream alteration permit and this current lawsuit relates to the second stream alteration permit. The Court need not consider the issue of res judicata because Plaintiff cannot prevail against the individual Defendants' Motion to Dismiss under 12(b)(6).

In Plaintiff's first claim, he alleges a taking by the DWR and the Corps.[31] In Plaintiff's second claim, he seeks an injunction against the DWR and the Corps from issuing subsequent permits to alter the Duchesne River.[32] In Plaintiff's third claim, he seeks damages and a return of the Duchesne River to its pre-altered state. He alleges that as a result of the DWR and the Corps's "improper taking of Plaintiff's property, Defendant Fabrizio has changed the flow of the Duchesne River and damaged the environment and destroyed the aquatic life that previously existed in that section of the Duchesne River."[33] The only allegation Plaintiff made against the individual Defendants is that they "used dredged and/or fill material in [the] stream alter[]ations in violation of [35] USC 1344, which requires specific permission to deposit dredge and/or fill material in waters of the United States."[34]

Plaintiff then concludes that the individual Defendants' actions constitute a nuisance, a trespass, and an intentional tort, but he does not assert any of those claims.[35] Plaintiff states only legal conclusions, assertions, and opinions, without providing sufficient factual allegations to support any elements of the causes of action for which he seeks relief. Further, even if Plaintiff

---

[31]Docket No. 2, at 5–6.

[32]*Id.* at 6.

[33]*Id.* at 7.

[34]*Id.* at 5.

[35]*See id.* at 6–8.

were to succeed in pleading his claims against the individual Defendants, Plaintiff alleges that his damages are caused by the stream alteration permit, which he admits was authorized by the DWR and the Corps.[36]

Because of these pleading deficiencies, Plaintiff cannot prevail against the individual Defendants. Further, Plaintiff cannot prevail on a takings claim against the individual Defendants, because these individuals are not governmental actors.[37] Plaintiff may have claims—other than a takings claim—against the individual Defendants, but this Court is not a court of general jurisdiction and Plaintiff has not asserted any facts on which the Court can conclude that this Court is the proper forum in which to bring those claims.

The Magistrate Judge as well as this Court have construed Plaintiff's pleadings liberally yet Plaintiff does not state enough facts to state a claim to relief that is plausible on its face.[38] Plaintiff has not nudged his claims across the line from conceivable to plausible, even when liberally construed because of his pro se status. Therefore, the Court will grant the individual Defendants' Motion to Dismiss for failure to state a claim for relief.

---

[36]*Id.* at 8 ("Plaintiff's damages caused by the unconstitutional taking of his real property cannot be determined until the stream alter[]ation process is stopped, as the redirection, change of height, and change of rate of flow of the Duchesne River caused by Defendant Fabrizio's stream alteration permit, and authorized by the Army Corp[s] of Engineers and the State of Utah continues to cause additional damage to Plaintiff's real property each day.").

[37]*See, e.g.*, *Hufford v. United States*, 87 Fed. Cl. 696, 704 (2009) (dismissing action where plaintiff did not allege the United States was responsible for taking her property).

[38]*See Twombly*, 550 U.S. at 570.

C.  CORPS'S MOTION TO DISMISS

Plaintiff does not make any specific objections related to the Magistrate Judge's finding that the Corps's Motion to Dismiss should also be granted based on sovereign immunity but does dispute the Report and Recommendation in its entirety.

The Corps argues that Plaintiff's claims against the Corps should be dismissed because Plaintiff fails to assert a valid waiver of sovereign immunity. Plaintiff provides no basis for his conclusion in the Amended Complaint that this Court has subject matter jurisdiction in this action. Further, the Corps argues that to the extent there could be a waiver of sovereign immunity applicable to Plaintiff's takings claims, it would be found in the Tucker Act and must be pursued in the Court of Federal Claims.[39] The Magistrate Judge notes in the Report and Recommendation that "Plaintiff fails to refute the arguments set forth by the [Corps]. Specifically, Plaintiff fails to demonstrate any waiver of sovereign immunity in this case. And . . . Plaintiff has failed to plead a cognizable takings claim under the Fifth Amendment. Thus, the [Corps's] motion to dismiss should be granted."[40] The Court finds the Magistrate Judge's reasoning sound and will grant the Corps's Motion to Dismiss.

D.  LEAVE TO AMEND

Finally, Plaintiff argues that it is an abuse of discretion not to give him a chance to correct the clerical errors in his Complaint. He further argues that he was not given any consideration as a pro se plaintiff. The Magistrate Judge in her Report and Recommendation indicated that Plaintiff is pro se and noted that she construed his pleadings liberally. The

---

[39] 28 U.S.C. § 1491(a)(1).
[40] Docket No. 20, at 9.

Magistrate Judge found that a broad reading of Plaintiff's Complaint did not relieve him of the burden of "alleging sufficient facts on which a recognized legal claim could be based."[41] Further, the Magistrate Judge found that Plaintiff already filed an Amended Complaint and thus Plaintiff already had one opportunity to amend.

As noted previously, the flaws in Plaintiff's Complaint are not simply clerical. The ripeness issue cannot be cured by a well pleaded complaint. Neither can sovereign or Eleventh Amendment immunity. Nor can any of Plaintiff's claims against the individual Defendants prevail, if, as Plaintiff alleges, the damages that were caused were authorized by the Corps. Plaintiff makes only conclusory allegations without supporting factual averments, which is insufficient to state a claim on which relief can be based.[42] The Court finds the Magistrate Judge properly construed Plaintiff's pro se pleadings and notes that there is no motion to amend before the Court to consider.

## IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that the Magistrate Judge's Report and Recommendation (Docket No. 20) is ADOPTED as set forth above. It is further

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 8, 9, and 10) are GRANTED. The Clerk of Court is directed to close this case forthwith.

---

[41] *Id.* at 5 (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991)).

[42] *See Hall*, 935 F.2d at 1109.

DATED this 11th day of December, 2013.

       BY THE COURT:

       _____
       Ted Stewart
       United States District Judge